UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DEAN WILLIAMS, | Case No. 24-cv-3524 (LMP/JFD) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| LVNV FUNDING LLC; MESSERLI & KRAMER P.A.; and STENGER & STENGER, P.C., | |
| Defendants. | |

---

Dean Williams, *pro se*.

Derrick N. Weber, **Messerli & Kramer P.A., Plymouth, MN**; and Joseph Jammal, **Stenger & Stenger P.C., Grand Rapids, MI**, for Defendants.

Plaintiff Dean Williams ("Williams") brings this action against Defendants LVNV Funding LLC ("LVNV"), Messerli & Kramer P.A. ("Messerli"), and Stenger & Stenger, P.C. ("Stenger") (collectively, "Defendants"), for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Minnesota Consumer Fraud Act ("MCFA"). *See generally* ECF No. 1. Defendants move to dismiss Williams's complaint in its entirety. ECF No. 3. For the following reasons, the Court grants Defendants' motion.

## FACTUAL BACKGROUND

Williams incurred two different debts—one for $810.69, and the other for $1,286.49—on accounts with Credit One Bank. ECF No. 4-1 at 4; ECF No. 4-2 at 4.[1] According to Defendants, these debts were purchased by LVNV, and LVNV engaged Messerli and Stenger to collect the debts. *See id.* Williams questions whether LVNV actually owns the debts because he had not seen documentation of any assignment, although he does not allege that LVNV does *not* own the accounts. ECF No. 1 ¶¶ 15, 25.

Messerli and Stenger brought statements of claim for the two debts against Williams in Minnesota conciliation court. ECF No. 4-1 at 4; ECF No. 4-2 at 4. In their statement of claim for the $810.69 debt, Messerli and LVNV alleged:

> [Williams] owe(s) [LVNV] $810.69, plus a filing fee $70.00, plus an e-filing fee of $5.00, for a total of $885.69 because: The creditor issued a credit account to [Williams]. [Williams] made purchases and/or received cash advances on the charge account bearing account number XXXXXXXXXXXX1556. Said account closed on October 07, 2022. LVNV Funding LLC owns this account and is a successor in interest to Credit One Bank, N.A., for this account. [Williams] is/are in default for failing to make payments on the charge account.

ECF No. 4-1 at 4. In their statement of claim for the $1,286.49 debt, Stenger and LVNV alleged:

> [Williams] owes [LVNV] $1,286.49, plus a requested $70.00 filing fee, for a total requested amount of $1,356.49 because: [Williams]'s account formerly

---

[1] Defendants offer filings in the underlying state-court actions at issue as exhibits. *See* ECF No. 4. The Court may consider these documents on a motion to dismiss because they are "part of the public record" and are "necessarily embraced" by Williams's complaint, which revolves around the underlying state-court actions. *See Leonardo v. MSW Cap., LLC*, No. 16-cv-3845 (PAM/FLN), 2017 WL 2062852, at *2 (D. Minn. May 12, 2017) (quoting *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015)) (considering filings in an underlying state-court action on a motion to dismiss).

> with Credit One Bank, N.A. was opened on June 08, 2021. [Williams] has received billings for the amount due, has failed to object to the billings and/or has failed, refused or neglected to pay the balance due and owing [LVNV]. [LVNV] is the assignee of [Williams]'s Credit One Bank, N.A. account.
>
> WHEREFORE, [LVNV] requests a judgment in its favor and against [Williams] for total damages in the amount of $1,286.49, plus requested filing fees and costs of $70.00, for a total of $1,356.49 plus costs and interest on any judgment received allowable by statute, and other such relief as the court may deem appropriate.

ECF No. 4-2 at 4. Williams did not appear in-person to contest the $810.69 debt, and the conciliation court entered default judgment against Williams. ECF No. 4-1 at 7. LVNV later voluntarily dismissed its claim for the $1,286.49 debt. ECF No. 4-2 at 15.

Williams filed this action on September 4, 2024. ECF No. 1. Williams alleges that Defendants violated the FDCPA and the MCPA by failing to attach evidence of the debt assignment from Credit One Bank to LVNV to the statements of claim in Minnesota conciliation court. ECF No. 1 ¶¶ 17, 25, 29. Defendants moved to dismiss the complaint (ECF No. 3), but Williams did not respond to Defendants' motion. A hearing on the motion was held on January 27, 2025, at which Williams and Defendants appeared.

## ANALYSIS

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.[2] *Gorog v. Best Buy Co.*, 760 F.3d

---

[2] At oral argument, Defendants' counsel mentioned in passing that Williams may not have properly served the summons and complaint. Nonetheless, Defendants' counsel stated that Defendants would not seek dismissal based on improper service, and Defendants did not include such an argument in their Rule 12 motion, so the Court will not address the

3

787, 792 (8th Cir. 2014) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Williams is proceeding *pro se*, the Court is mindful to liberally construe his filings. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

## I.     FDCPA Claim

The crux of Williams's argument is that Defendants violated 15 U.S.C. § 1692e(2)(A) by failing to attach evidence of the debt assignment to LVNV to the statements of claim Defendants brought in Minnesota conciliation court.[3] ECF No. 1 ¶¶ 17, 25.

The FDCPA provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "false representation[s] of . . . the character, amount, or legal status of any debt."

---

issue further. *See* Fed. R. Civ. P. 12(h)(1) (providing that a defense of improper service of process is waived if omitted from a Rule 12 motion).

[3]     Williams technically alleges two distinct FDCPA violations: one under 15 U.S.C. § 1692d and one under 15 U.S.C. § 1692e(2)(A). ECF No. 1 ¶¶ 19–28. But his claim under Section 1692d is conclusory and simply parrots the statutory text. *See id.* ¶ 21 ("Defendants violated 15 U.S.C. § 1692d of the FDCPA by engaging in conduct that the natural consequence of which is to harass, oppress, and/or abuse Mr. Williams."). The Court will therefore focus only on his Section 1692e(2)(A) claim. *See Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action" do not state a plausible claim for relief).

15 U.S.C. § 1692e(2)(A).  Naturally, a claim under this provision of the FDCPA requires a *false* statement.  But Williams has not alleged any facts from which the Court could draw a reasonable inference that the character, amount, or legal status of Williams's debt was falsely represented.  Nor does Williams allege that Defendants' representation that LVNV owned the debt was false; rather, he simply disputes the manner and means by which proof of ownership was presented to him.  Indeed, at oral argument, Williams agreed that he is not alleging any false statements by Defendants.  Without doing so, however, he fails to properly plead a Section 1692e(2)(A) claim.  *See Hill v. Accts. Receivable Servs., LLC*, 888 F.3d 343, 346–47 (8th Cir. 2018) (debtor who alleged that a debt collector provided insufficient documentation of a debt assignment, but did not deny validity of the debt assignment, failed to plausibly plead a violation of Section 1692e); *see also Washington v. Stewart, Zilmen & Jungers, Ltd.*, No. 19-cv-0717 (ECT/TNL), 2019 WL 4016170, at *5 (D. Minn. Aug. 26, 2019) (quoting *Hill*, 888 F.3d at 346) ("*Hill* rejected the premise that bringing a conciliation-court action without possessing 'documentation to establish its debt collection claims' constitutes a materially false representation.").

Thus, as a matter of law, Williams cannot premise a Section 1692e(2)(A) claim solely on the purported inadequacy of Defendants' evidence of the debt assignment.  The Court accordingly grants Defendants' motion to dismiss Williams's FDCPA claim.

II.     **MCFA Claim**

Williams also alleges that "[i]f LVNV Funding LLC is unable to clearly prove ownership, assignment or successor-in-interest, each Statement of Claim filed against Mr. Williams . . . containing the attestation 'I declare under penalty of perjury that everything

I have stated in this document is true and correct'" violates the MCFA's prohibition against "unethical, oppressive, or unscrupulous" trade practices. ECF No. 1 ¶ 29.

A district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the sole federal-law claim is being dismissed well before trial, so the Court dismisses the sole state-law claim without prejudice, "so that it may be considered, if at all, by the courts of Minnesota." *Hervey v. County of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008).

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**; and

2. Williams's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 5, 2025         *s/Laura M. Provinzino*
                                Laura M. Provinzino
                                United States District Judge